# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THERESA YOHN,** | : | Civil No. 3:20-CV-565 |
| | : | |
| **Plaintiff,** | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **SELECTIVE INSURANCE. COMPANY** | : | |
| **OF AMERICA,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION

**I.   Statement of Facts and of the Case**

This case arises out of an automobile accident that occurred on March 28, 2018 involving the plaintiff, Theresa Yohn, and a third party. At the time of this accident, Yohn was operating a vehicle owned by D&S Transportation Services ("D&S"), who was insured by the defendant, Selective Insurance Company of America ("Selective"). (Doc. 1, Ex. A., ¶ 3). After the accident, Yohn collected $15,000.00 from the third party's insurance carrier, Nationwide, which Yohn alleges was not adequate to compensate her for the injuries she sustained. (Id., ¶¶ 6-7). According to Yohn, D&S selected underinsured motorist coverage, and Yohn filed a claim with Selective for underinsured motorist benefits. (Id., ¶¶ 9-11).

Yohn sent a formal written demand for benefits to Selective on June 27, 2019, after she had provided Selective with medical records and reports of her injuries. (Id., ¶¶ 11-13). Approximately three weeks later, a Selective representative confirmed receipt of the demand. (Id., ¶ 13). However, by September 6, 2019, the Selective representative still had not reviewed the demand package, but he assured Yohn he would make a formal settlement offer by September 17, 2019. (Id.) It was not until February 6, 2020 that Selective tendered an offer to Yohn in the amount of $50,000.00, which she contends does not fairly compensate her for her injuries. (Id., ¶ 14).

Thus, the plaintiff filed this breach of contract suit against Selective in the Schuylkill County Court of Common Pleas, alleging that Selective breached its contract when it failed to pay her a reasonable amount for underinsured motorist benefits. (Id.) Yohn also alleges that Selective acted in bad faith when processing her claim. (Id.) Selective then removed this suit to federal court on April 3, 2020. (Doc. 1).

The instant motions filed by the defendant seek to bifurcate the plaintiff's breach of contract and bad faith claims, and the accompanying motion seeks a protective order deferring discovery on the bad faith claim should the motion to bifurcate be granted. (Docs. 17, 18). However, after consideration, we conclude that bifurcation of the plaintiff's claims would be inappropriate, as both claims entail

many of the same factual allegations and thus, discovery on both claims will likely overlap significantly. Accordingly, the motion to bifurcate and stay discovery on the bad faith claim will be denied. Moreover, because we conclude that the plaintiff's claims should not be bifurcated at this time, the defendant's motion for protective order should also be denied.

## II. Discussion

### A. Motion to Bifurcate – Standard of Review

Rule 21 of the Federal Rules of Civil Procedure provides that a court may sever claims into separate causes of action. Fed. R. Civ. P. 21. Rule 42(b) provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Thus, bifurcation of claims requires the balancing of several factors, and "[t]he court has wide latitude in deciding whether to sever and stay proceedings by weighing the competing interest of the parties." Griffith v. Allstate Ins. Co., 90 F.Supp.3d 344, 346 (M.D. Pa. 2014). In maintaining an even balance, we "must consider whether 'there is even a fair possibility that the stay would work damage on another party.'" Cooper v. Metlife Auto & Home, 2013 WL 4010998, at *2 (W.D. Pa. Aug. 6, 2013) (quoting Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1076 (3d Cir. 1983) (internal quotations omitted)). Accordingly, courts have set forth four factors to be considered when

3

determining whether bifurcation is appropriate: "(1) whether the issues are significantly different from each other; (2) whether they require separate witnesses and documents; (3) whether the non-moving party would be prejudiced by bifurcation; and (4) whether the non-moving party would be prejudiced if bifurcation is not granted." Craker v. State Farm Mut. Auto. Ins. Co., 2012 WL 3204214, at *1 (W.D. Pa. Aug. 3, 2012) (citing Reading Tube Corp. v. Employers Ins. Of Wausau, 944 F.Supp. 398, 404 (E.D. Pa. 1996)).

### B. The Defendant's Motion to Bifurcate Should be Denied.

In the instant case, the defendant contends that bifurcation of the plaintiff's breach of contract and bad faith claims is appropriate. Specifically, Selective asserts that discovery on the plaintiff's bad faith claim will prejudice the defendant with respect to its defense against the plaintiff's breach of contract claim. Selective also argues that the plaintiff's counsel will necessarily be a witness as to the bad faith claim, but not as to the breach of contract claim. For her part, Yohn contends that discovery for both claims will significantly overlap, and thus, bifurcation will only further delay the resolution of this case. Further, Yohn has changed her counsel since the beginning of the litigation, and she asserts that calling her initial counsel as a witness will not be unfairly prejudicial.

After weighing the considerations, we conclude that bifurcation is not appropriate in the instant case. First, as Yohn notes, the factual allegations

4

supporting her breach of contract claim and her bad faith claim significantly overlap. Yohn's breach of contract claim is premised on Selective's alleged failure to fairly and objectively evaluate her claim for UIM benefits and its failure to offer prompt and reasonable payment of benefits. Thus, the plaintiff's breach of contract claim will focus on her injuries, as well as the defendant's investigation of the claim and attempts to settle the claim. As one court recently explained, "[w]hether [defendant] acted in good faith must be determined by reference to the circumstances surrounding the automobile accident and the nature of the injuries that Plaintiffs suffered." Dunleavy v. Encompass Home and Auto Ins. Co., 2020 WL 5501200, at *5 (E.D. Pa. Sept. 11, 2020) (internal quotations and citations omitted). As such, many courts in this circuit have declined to bifurcate breach of contract and bad faith claims in this setting. See Griffith, 90 F.Supp.3d at 347; Newhouse v. GEICO Casualty Co., 2017 WL 4122405, at *3 (M.D. Pa. Sept. 18, 2017); Cooper, 2013 WL 4010998, at *3; Craker, 2012 WL 3204214, at *1.

     Moreover, because we conclude that the factual allegations supporting both claims significantly overlap, the second factor also weighs against bifurcation in this case. As we have noted, the plaintiff's breach of contract claim includes allegations that Selective failed to fairly and objectively evaluate her claim for UIM benefits, which would necessarily entail some inquiry into how Selective valued her claim. Thus, there will likely be substantial overlap with respect to the documents used and

5

witnesses called to both prosecute and defend these two claims. This significant factual overlap cautions against bifurcation of claims, and weighs heavily in favor of consolidated discovery on both claims.

The defendant further contends that discovery on the bad faith claim will give the plaintiff an unfair advantage as to her breach of contract claim, citing the work-product privilege as it relates to the insurer's mental impressions and opinions. However, as the Griffith court explained in similar circumstances:

> [T]he court is familiar with the contents of an insurer's claims file. A file generally includes correspondence from plaintiff's counsel, medical records, wage-loss records, logs indicating what material has been received, and notes from the claims adjuster regarding his or her impression of the claim's value. The vast majority of the evidence in the claim file will be presented in conjunction with the breach of contract claim. Moreover, only the claim adjustor's notes or other impression may qualify as work product. The bad faith claim will also only require a few additional witnesses who will discuss evidence of the plaintiff's damages that will likely be admitted in conjunction with the breach of contract claim. In sum, the evidence and testimony will overlap significantly. This factor weights against bifurcation as well.

Griffith, 90 F.Supp.3d at 347; see also Newhouse, 2017 WL 4122405, at *4 ("[D]ocuments concerning how Newhouse's insurance claim was handled, documents reflecting the claims adjuster's determination, and how GEICO arrived at its settlement value would be relevant for both claims"). The Dunleavy court rejected a similar argument, reasoning that "the procedural safeguards [of asserting the work-product privilege] are sufficient to protect defendant's interests from prejudice." Dunleavy, 2020 WL 5501200, at *6.

Finally, we conclude that Selective would not be unfairly prejudiced by a single trial of these closely related claims. First, with respect to the defendant's concern regarding the testimony of plaintiff's counsel, we again note that the plaintiff has changed counsel since the start of this litigation. Additionally, "[t]he possibility that counsel will be called to testify is a 'risk of litigation' and does not require bifurcation." Craker, 2012 WL 3204214, at *2 (citation omitted). Moreover, bifurcation would not promote judicial economy in this case. Rather, bifurcation would require two discovery periods, additional potential dispositive motions, and a completely separate trial for each claim. Given that the underlying factual allegations and potential discovery will significantly overlap, we conclude that judicial economy would be better promoted by trying these claims together.[1]

---

[1] We note that we are not alone in this view. Quite the contrary, many courts have in the exercise of their discretion denied similar requests to bifurcate contractual and bad faith claims. See e.g. Cleveland Bros. Equip. Co. v. Vorobey, No. 4:19-CV-01708, 2020 WL 3432642, at *1 (M.D. Pa. June 23, 2020); Ferguson v. USAA Gen. Indem. Co., 334 F.R.D. 407, 408 (M.D. Pa. 2019); Goldstein v. Am. States Ins. Co., No. CV 18-3163, 2018 WL 6198463, at *6 (E.D. Pa. Nov. 28, 2018); Eizen Fineburg & McCarthy, P.C. v. Ironshore Specialty Ins. Co., 319 F.R.D. 209, 210 (E.D. Pa. 2017); Mulgrew v. Gov't Employees Ins. Co., No. 3:16-CV-02217, 2017 WL 4540612, at *1 (M.D. Pa. Oct. 11, 2017); Newhouse v. GEICO Cas. Co., No. 4:17-CV-00477, 2017 WL 4122405, at *1 (M.D. Pa. Sept. 18, 2017); Wagner v. Allstate Ins. Co., No. 5:14-CV-07326, 2016 WL 233790, at *4 (E.D. Pa. Jan. 19, 2016); Griffith v. Allstate Ins. Co., 90 F. Supp. 3d 344, 345 (M.D. Pa. 2014). Of course, our ruling only applies to the pre-trial discovery phase of this litigation, and the parties remain free at trial to seek bifurcation of claims from the presiding judge.

In sum, it is the burden of the moving party to show why bifurcation is appropriate. Cooper, 2013 WL 4010998, at *2. Selective has not shown that bifurcation of the plaintiff's breach of contract and bad faith claims would be appropriate in this particular case. Accordingly, Selective's motion to bifurcate and stay discovery on the plaintiff's bad faith claim will be denied. Because we are denying the motion to bifurcate, we further conclude that the defendant's motion for a protective order, which seeks to prevent the plaintiff from obtaining discovery related to her bad faith claim, be denied.

### III.  Order

Accordingly, for the foregoing reasons, IT IS ORDERED THAT the defendant's motion to bifurcate the UIM and bad faith claims (Doc. 18) is DENIED. IT IS FURTHER ORDERED THAT the defendant's accompanying motion for protective order (Doc. 17) is DENIED.

So ordered this 29th day of October 2020.

> S/ Martin C. Carlson
> Martin C. Carlson
> United States Magistrate Judge